UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MOTION TO DISMISS INFORMATION AND RULE THAT THE CONVICTIONS WHICH ARE THE BASIS FOR THE ENHANCEMENT PURSUANT TO 21 U.S.C. § 851 ARE ELEMENTS OF THE CRIME WHICH MUST BE PROVED TO THE JURY BY PROOF BEYOND A REAONABLE DOUBT

Now comes the defendant and moves to dismiss the Information filed in this case by the Government pursuant to 21 U.S.C. § 851.[1] The defendant maintains that the filing of the 851 Information in this case violates his right to indictment and trial by jury as contained in the Fifth and Sixth Amendments to the United States Constitution. The defendant further moves as part of this motion that this Court rule that the convictions which are the basis for the enhancement are elements of the crime, which must be proved to the jury by proof beyond a reasonable doubt. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

Pursuant to Rule 12(f) of the Local Rules of the District of Rhode Island for the United States District Court, the filing and disposition of this Motion would constitute excludable time as defined by 18 U.S.C. Section 3161 (h)(1)(f), of an uncertain amount.

There has been no previous delay related to the subject matter of this motion, which is excludable.

[1] The defense acknowledges and notes that much of this motion and memorandum is taken from the defense pleading of a similar kind in United States v. Forbes, Cr. No. 06-135T.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 19th day of April, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS INFORMATION AND RULE THAT THE CONVICTIONS WHICH ARE THE BASIS FOR THE ENHANCEMENT PURSUANT TO 21 U.S.C. § 851 ARE ELEMENTS OF THE CRIME WHICH MUST BE PROVED TO THE JURY BY PROOF BEYOND A REAONABLE DOUBT

The defendant has moved to dismiss the Section 851 Information filed in this case by the Government. The defendant maintains that the filing of the Section 851 Information in this case violates his right to an indictment and trial by jury as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. In making this claim, the defense appreciates that there is a line of judicial authority that holds that the fact of a prior conviction may be found by a Court, without violating a defendant's right to an indictment and a trial by a jury. In considering a challenge to this precise statute, 21 U.S.C. § 851, the Court of Appeals for the Fourth Circuit said:

> As a general matter, a sentencing court, in finding facts that increase a defendant's sentence beyond the maximum authorized by the facts admitted by the defendant or found by a jury, contravenes the defendant's Sixth Amendment right to trial by jury. See Booker, 543 U.S. at 235. The sole exception to this rule is that a sentencing court may, consistent with the Sixth Amendment, find "the fact of a prior conviction" and use it to enhance a defendant's sentence beyond that otherwise authorized. Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); see also Booker, 543 U.S. at 244 (reaffirming the prior conviction exception); Almendarez-Torres v. United States, 523 U.S. 224, 247, 118 S. Ct. 1219,

> 140 L. Ed. 2d 350 (1998) (holding that prior convictions need not be "treated as an element of [an] offense"). Because § 851 permits judicial factfinding on a defendant's prior convictions, it falls within the prior conviction exception.

United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006), cert. denied, 127 S.Ct. 197 (2006).

The Court of Appeals for the First Circuit has taken a similar position with respect to the proof of a prior conviction, stating:

> As these cases illustrate, we have, even after the Supreme [**24] Court's decision in [*105] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), unhesitatingly affirmed our fealty to Almendarez-Torres. See, e.g., Roberson, F.3d at n.11, 2006 U.S. App. LEXIS 20590 [2006 WL 2328586, at *14 n.11]; United States v. Richards, 456 F.3d 260, 262 (1st Cir. 2006); United States v. Jimenez-Beltre, 440 F.3d 514, 520 (1st Cir. 2006) (en banc). We are bound to adhere to these precedents unless and until the Supreme Court itself disavows Almendarez-Torres.

United States v. Coplin, 463 F.3d 96, 104-105 (1st Cir. 2006), cert. denied, 127 S.Ct. 1320 (2007).

Notwithstanding these authorities, the defense submits that there is a constitutional right to have the fact of a prior conviction alleged as part of an indictment and proved beyond a reasonable doubt before a jury.

The first part of this argument is that the continued vitality of Almendarez-Torres v. United States, 523 U.S. 224 (1998) is a subject of considerable debate. In Shepard v. United States, 544 U.S. 13 (2005), in a concurring opinion, Justice Thomas said:

> Almendarez-Torres, like Taylor, has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U.S., at 248-249, 140

> L. Ed. 2d 350, 118 S. Ct. 1219 [*28] (Scalia, J., joined by Stevens, Souter, and Ginsburg, JJ., dissenting); Apprendi, supra, at 520-521, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (Thomas, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 544 U.S. 13, 27-28 (Thomas, J. Concurring) (U.S. 2005). As Justice Thomas explained in his concurring opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000),

> If a fact is by law the basis for imposing or increasing punishment -- for establishing or increasing the prosecution's entitlement -- it is an element. (To put the point differently, I am aware of no historical basis for treating as a nonelement a fact that by law sets or increases punishment.) When one considers the question from this perspective, it is evident why the fact of a prior conviction is an element under a recidivism statute. Indeed, cases addressing such statutes provide some of the best discussions of what constitutes an element of a crime. One reason frequently offered for treating recidivism differently, a reason on which we relied in Almendarez-Torres, supra, at 235, is a concern for prejudicing the jury by informing it of the prior conviction. But this concern, of which earlier courts were well aware, does not make the traditional understanding of what an element is any less [***474] applicable to the fact of a prior conviction. See, e.g., Maguire, 47 Md. at 498; Sickles, 156 N.Y. at 547, 51 N.E. at 290. n10

Apprendi v. New Jersey, 530 U.S. 466, 521 (U.S. 2000) (Thomas, J. Concurring). Judge Thomas goes on to explain his view that a mandatory minimum sentence would fit within the rubric of the above analysis, because it ultimately raises the expected sentence. Id. at 521-522.[2]

---

[2] Justice Thomas said:
Third, I think it clear that the common-law rule would cover the McMillan situation of a mandatory minimum sentence (in that case, for visible possession of a firearm during the commission of certain crimes). No doubt a defendant could, under such a scheme, find himself sentenced to the same term to which he could have been sentenced absent the mandatory minimum. The range for his underlying crime

Justice Thomas continues to expound upon the need for a resolution of the issue of the continuing vitality of Almendaez-Torres, stating:

> In our previous cases, the parties have not asked this Court to overrule [***4] Almendarez-Torres. Apprendi, supra, at 489-490, 120 S. Ct. 2348, 147 L. Ed. 2d 435; Shepard, supra, at 28, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (THOMAS, J., [**912] concurring in part and concurring in judgment). Last [*2875] Term, I indicated that the Court should address the ongoing validity of the Almendarez-Torres exception in an appropriate case. Shepard, supra, at 28, 125 S. Ct. 1254, 161 L. Ed. 2d 205. Petitioners, like many other criminal defendants, have done their part by specifically presenting this Court with opportunities to reconsider Almendarez-Torres. It is time for this Court to do its part.
>
> The Court's duty to resolve this matter is particularly compelling, because we are the only court authorized to do so. See State Oil Co. v. Khan, 522 U.S. 3, 20, 118 S. Ct. 275, 139 L. Ed. 2d 199 (1997) ("It is this Court's prerogative alone to overrule one of its precedents"). And until we do so, countless criminal defendants will be denied the full protection afforded by the Fifth and Sixth Amendments, notwithstanding the agreement of a [***5] majority of the Court that this result is unconstitutional. There is no good reason to allow such a state of affairs to persist.

---

[*522] could be 0 to 10 years, with the mandatory minimum of 5 years, and he could be sentenced to 7. (Of course, a similar scenario is possible with an increased maximum.) But it is equally true that his expected punishment has increased as a result of the narrowed range and that the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish. The mandatory minimum "entitles the government," Woodruff, 68 F. at 538, to more than it would otherwise be entitled (5 to 10 years, rather than 0 to 10 and the risk of a sentence below 5). Thus, the fact triggering the mandatory minimum is part of "the punishment sought to be inflicted," Bishop, Criminal Procedure, at 50; it undoubtedly "enters into the punishment" so as to aggravate it, id. § 540, at 330, and is an "act to which the law affixes . . . punishment," id. § 80, at 51. Further, just as in Hobbs and Searcy, see supra, at 15-16, it is likely that the change in the range available to the judge affects his choice of sentence. Finally, in numerous cases, such as Lacy, Garcia, and Jones, see supra, at 6-7, 16, 17, the aggravating fact raised the whole range -- both the top and [**2380] bottom. Those courts, in holding that such a fact was an element, did not bother with any distinction between changes in the maximum and the minimum. What mattered was simply the overall increase in the punishment provided by law. And in several cases, such as Smith and Woodruff, see supra, at 4, 17, the very concept of maximums and minimums had no applicability, yet the same rule for elements applied. See also Harrington (discussed supra, at 20-21).

Apprendi v. New Jersey, 530 U.S. 466, 521-522 (U.S. 2000) (Thomas, J. Concurring)

Rangel-Reyes v. United States, 126 S. Ct. 2873, 2874-2875 (U.S. 2006)(Thomas, J., Dissenting from the denial of the petition for a writ of certiorari.) While the defendant is required to concede that this Court is bound by Almendaez-Torres, the defense raises the issue to preserve it for further review.

There is an additional argument that notwithstanding the cases affirming the continuing force of Almendaez-Torres, a different conclusion is warranted because of the wording of 21 U.S.C. § 851.[3] The statute requires that at least in some contexts the Government bears the burden of proof of a conviction beyond a reasonable doubt, thereby adding force to the argument that it is an element of the crime which must be pled as part of the indictment.[4] Traditionally sentencing matters must only be proved by a preponderance of the evidence, lending further support to the proposition that the convictions alleged in Section 851 are elements of the offense.

---

[3] The Federal Public Defender has advanced this argument in the case of United States v. Forbes, Cr. No. 06-135T.

[4] The relevant portion of the statute reads:

(c) Denial; written response; hearing.

(1) If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the United States attorney. The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment. The failure of the United States attorney to include in the information the complete criminal record of the person or any facts in addition to the convictions to be relied upon shall not constitute grounds for invalidating the notice given in the information required by subsection (a)(1). The hearing shall be before the court without a jury and either party may introduce evidence. Except as otherwise provided in paragraph (2) of this subsection, the United States attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. At the request of either party, the court shall enter findings of fact and conclusions of law.

(2) A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

21 USCS § 851.

Finally, the defense notes that the decision about whether or not to file an enhancement pursuant to 21 U.S.C. § 851 appears left to the almost unbridled discretion of the prosecution, conflicting with the mandate of 18 U.S.C. §3553(a), requiring the Court to consider various factors in the sentencing of a defendant. Requiring the presentation of the question of a defendant's prior conviction to a grand jury would provide at least some limited protection against that discretion.[5]

For the reasons set forth above, the defense requests that this Honorable Court dismiss the Section 851 Information in this case as the failure to include the convictions in the indictment violates the Fifth and Sixth Amendments to the United States Constitution. The defense further submits that the fact of the convictions are elements of the offense that must be proved to the jury beyond a reasonable doubt and asks this Court to so rule.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

[5] These arguments were also made by the defense in United States v. Forbes, supra.

**CERTIFICATION**

I hereby certify that on this 19th day of April, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net