UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR 06-133-02ML |
| WILLIE WALKER | : | |

DEFENDANT'S RESPONSE TO PRESENTENCE INVESTIGATION

Now comes the defendant, Willie Walker, and responds to the presentence investigation as follows.

## I. PARAGRAPH 14 - BASE OFFENSE LEVEL

### A. THE DEFENDANT SHOULD NOT BE HELD RESPONSIBLE FOR MORE THAN 12.19 GRAMS OF COCAINE BASE

There is a fundamental dispute with the base offense level in that the offense level includes as relevant conduct 89.8 grams of cocaine base (crack) sold by the co-defendant to the same source as the source to whom the defendant sold 12.19 grams. There is no dispute with the 12.19 gram figure.

There are several bases for this dispute. First, the defense assumes the 89.8 grams of cocaine base added to the total for which he is being held responsible is based on sales made on June 29, 2006 and July 17, 2006. These are the dates alleged in Counts 3 and 4 of the indictment, in which the defendant was not charged. In addition, the discovery provided to the defense supports the fact that the 89.8 gram figure is based on the two sales on June 29, 2006 and July 17, 2006.

The defense notes that the indictment to which the defendant has pled guilty charged him with two counts. Count 2 alleged a sale on June 26, 2006. Count 1 alleged a conspiracy, "Beginning on or about a date unknown to the grand jury and continuing until on or about June 26, 2006 …." The conspiracy was to distribute and possess with intent to distribute five grams or more of cocaine base. Significantly, the conspiracy was alleged to have ended on or about the date of the sale on June 26, 2006, for which the defendant has accepted responsibility. The conspiracy was not alleged to have continued beyond June 26, 2006. Yet the dates of the other two transactions which are the basis of the relevant conduct additions to the quantity of drugs for which the defendant is being held responsible took place on June 29, 2006, and July 17, 2006. The defense submits that the fact that the even the Indictment alleges that the conspiracy only continued "until on or about June 26, 2006" is by itself a sufficient basis to reject the contention that the 89.8 grams are relevant conduct.

There is a second basis for disputing the consideration of the 89.8 grams as relevant conduct. The defense submits that this defendant is not responsible for the 89.8 grams because it is not attributable to him or was foreseeable by him. The Court of Appeals for the First Circuit has said:

> … we consistently have required a defendant-specific determination of drug quantity as a benchmark for individualized sentencing under the guidelines. See, e.g., United States v. Bradley, 917 F.2d 601, 604 (1st Cir. 1990); USSG § 1B1.3. Thus, HN3when a district court determines drug quantity for the purpose of sentencing a defendant convicted of participating in a drug-trafficking conspiracy, the court is required to make an individualized finding as to drug amounts attributable to, or foreseeable by, that defendant. n2 In the absence of such an individualized finding, the drug quantity attributable to the conspiracy as a whole cannot automatically be shifted to the defendant. See United States v. Valencia-Lucena, 988 F.2d 228,

> 234-35 (1st Cir. 1993); United States v. Thompson, 944 F.2d 1331, 1343-44 (7th Cir. 1991).
>
> FOOTNOTES
>
> n2 This does not mean, of course, that the defendant must have personally handled the drugs for which he is held responsible. A defendant also may be held responsible for drugs involved in his "relevant conduct." USSG § 1B1.3. In a proper case, "such conduct may include a defendant's own acts or the acts of others." United States v. Laboy, 351 F.3d 578, 2003 U.S. App. LEXIS 24688 (1st Cir. 2003) No. 02- 1865, slip op. at 8].

United States v. Colon-Solis, 354 F.3d 101, 103 (1st Cir. 2004), cert. denied, Ruiz v. United States, 541 U.S. 1005 (2004).

More recently, the Court of Appeals has affirmed the continuing vitality of Colon-Solis, saying:

> In Colon-Solis, we held that "when a district court determines drug quantity for the purpose of sentencing a defendant convicted of participating in a drug-trafficking conspiracy, the court is required to make an individualized finding as to drug amounts attributable to, or foreseeable by, that defendant." 354 F.3d at 103. A defendant can only be sentenced on the basis of drugs he handled, anticipated handling, or for drugs he could reasonably foresee being used in the conspiracy; all of the drugs in a conspiracy may not be automatically assigned to an individual defendant. United States v. Sepulveda, 15 F.3d 1161, 1197 (1st Cir. 1993).

United States v. Gonzalez-Velez, 466 F.3d 27, 38 (1st Cir. 2006).

In this case, the defense contends that the conspiracy ended on June 26, 2006. The defense also contends that even if the conspiracy is found to have continued beyond June 26, 2006, the only drugs attributable to the defendant should be the 12.19 grams that were the basis of the June 26, 2006, sale.

The Commentary to the Sentencing Guidelines also provides support for the defendant's position. U.S.S.G. §1B1.3 addresses relevant conduct. The application notes

provide examples of the, "(c) Requirement that the conduct of others be in furtherance of the jointly undertaken criminal activity and reasonably foreseeable; scope of the criminal activity." U.S.S.G. § 1B1.3, Application Note 2(c). Example 3 is set forth below. It is as follows:

> (3) Defendants H and I engaged in an ongoing marihuana importation conspiracy in which Defendant J was hired only to help off-load a single shipment. Defendants H, I, and J are included in a single count charging conspiracy to import marihuana. Defendant J is accountable for the entire single shipment of marihuana he helped import under subsection (a)(1)(A) and any acts and omissions in furtherance of the importation of that shipment that were reasonably foreseeable (see the discussion in example (a)(1) above). He is not accountable for prior or subsequent shipments of marihuana imported by Defendants H or I because those acts were not in furtherance of his jointly undertaken criminal activity (the importation of the single shipment of marihuana).

U.S.S.G. §1B1.3, Application Note 2(c), Example 3. In this case, the defendant was clearly engaged only for the single transaction on June 26, 2006 and should not be held responsible for prior or subsequent transactions. Other examples of the Application notes also support the defendant's position. See e.g., example 7, which provides:

> (7) Defendant R recruits Defendant S to distribute 500 grams of cocaine. Defendant S knows that Defendant R is the prime figure in a conspiracy involved in importing much larger quantities of cocaine. As long as Defendant S's agreement and conduct is limited to the distribution of the 500 grams, Defendant S is accountable only for that 500 gram amount (under subsection (a)(1)(A)), rather than the much larger quantity imported by Defendant R.

U.S.S.G. §1B1.3, Application Note 2(c), Example 7. See also Example 5. In this case, the defendant's involvement is limited to the one transaction to which he has pled.

The defense is cognizant of the prosecution version set forth in paragraph 7 of the Presentence Report and particularly the comment "you gotta go through Ron-Ron"

when asked about future transactions. The defense submits that this single comment is not sufficient to tie the defendant into the transactions on June 29, 2006, or July 17, 2006, particularly based on the examples from the Sentencing Guidelines Commentary above. From a legal perspective, the statement is more a disavowal of the defendant's involvement in other transactions, than the reverse.

The defense would note that the co-defendant in this case has already pleaded guilty. The defense intends to ask the Court for permission to order the transcript of the plea colloquy involving the co-defendant, in the belief that the colloquy may provide further evidence of this defendant's lack of involvement in the transactions, other than the one to which the defendant has pleaded guilty. The defendant will file the appropriate CJA form for the transcript.

B. THE GOVERNMENT SHOULD BE REQUIRED TO PROVE THE THE DEFENDANT'S RESPONSIBILITY FOR THE 89.8 GRAMS BY PROOF BEYOND A REASONABLE DOUBT

In this section, the defense briefly summarizes the argument that the government is required to prove the defendant's responsibility for the 89.8 grams by proof beyond a reasonable doubt pursuant to the Fifth Amendment right to due process of law and as a matter of statutory interpretation of the Federal Sentencing statutes. The defense believes that at present there are two petitions for certiorari pending before the United States Supreme Court, which essentially raise these issues. The two decisions from which review is being sought are United States v. Pike, 473 F.3d 1053 (9th Cir. 2007), and United States v. Grier, 476 F.3d 556 (3rd Cir. En Banc, 2006). Copies of the petitions for certiorari are attached. In United States v. Grier, 476 F.3d 556 (3rd Cir. En

Banc, 2006), there were dissenting opinions which essentially espouse the view that due process requires the government to prove aggravating facts by proof beyond a reasonable doubt. At this juncture, the defense identifies this issue, realizing it is a legal question. The defense incorporates the arguments advanced in the attached petitions for certiorari. This is not an argument that the defendant is entitled to a jury trial on these facts, but rather that the Government must prove these facts beyond a reasonable doubt to the Court.

II. <u>OTHER ISSUES THAT MAY AFFECT SENTENCING</u>

There are other issues which may affect the sentencing in this case and they are identified below, even though some are not technically objections to the Presentence Report.

First, the defense notes that there are proposed amendments to the Sentencing Guidelines. If those amendments go into effect, the base offense level for the defendant will be lowered, because of the reduction in offense levels for cocaine base. The new offense level will depend on whether or not the defendant is held responsible for the additional 89.8 grams of cocaine base. Second, the defendant's criminal history points will be reduced in that paragraphs 33, 35, and 36 should not result in the addition of any points. The defendant would still remain in criminal history category VI, but with only 13 points, as opposed to 15 points. He would thus have the lowest number of possible points to still be in category VI.

Second, in paragraph 70, the probation officer indicates that she is not aware of any factors that would warrant a departure. The defense argues first that the disparity

between crack and powder cocaine by itself warrants a downward departure. This precise issue is presently before the United States Supreme Court in Kimbrough v. United States, 127 S.Ct. 2933 (2007), granting petition for certiorari in United States v. Kimbrough, 2006 U.S. App. LEXIS 11524 (4th Cir. 2006). The defense appreciates that this argument was rejected in United States v. Pho, 433 F.3d 53 (lst Cir. 2006).

Third, the defense notes that at the appropriate time prior to sentencing the defense anticipates the possibility of making a motion for a downward departure and/or a sentence outside of the guideline range based on the factors in 18 U.S.C. §3553. The defense submits that the defendant's criminal history overstates the seriousness of his past record and the likelihood that he will commit other crimes and this will be one basis for a request for a downward departure from Criminal History Category VI. The defendant would also note that the presentence report details the kind of person he is, noting particularly what a good father the defendant is. See paragraphs 46 through 48 of the Presentence Report. All of these matters are relevant to a consideration of the factors under 18 U.S.C. §3553.

There are at this point a number of uncertain issues with respect to the defendant's sentencing. Among other matters, there are pending motions related to the sentencing. All of these factors are issues that will affect the ultimate sentencing argument.

Willie Walker,
By his attorney,

/s/ Robert B. Mann
Mann & Mitchell
One Turks Head Place, Suite 610
Providence, RI 02903
(401) 351-5770
Fax: (401) 521-4305
rmann@conversent.net

CERTIFICATION

I hereby certify that I delivered a copy of the foregoing, by way of ECF filing to Sandra Beckner, AUSA, on the 30th day of July, 2007.

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net