UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MOTION TO HAVE PACER USER FEES WAIVED
AND FOR SUCH OTHER RELIEF AS THE COURT DEEMS APPROPRIATE

Now comes the defendant in the above entitled matter and moves that the PACER user fees in this case be waived and/or that this Court provide such other relief as the Court deems appropriate. In support of said motion the defense submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe 18 U.S.C. Section 3161 (h)(1)(f), applies to the filing of this motion.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 6th day of March, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO HAVE PACER USER FEES WAIVED AND/OR PROVIDE SUCH OTHER RELIEF AS THE COURT DEEMS APPROPRIATE

The defense in this case is collecting data with regard to the use of 21 U.S.C. §851. The first step is to identify all drug cases for the relevant years, approximately 2002 through 2006 or 2007. Identifying all drug cases may generally be accomplished by reviewing the books in the clerk's office of the judgments for each year.

The second step is identifying those cases in which an information has been filed, pursuant to 21 U.S.C. §851. That information may be learned from the docket entries for each case. The docket entries are available on PACER.

The PACER web site specifically addresses the issue of the waiver of user fees. It states:

> Can the user fees be waived?
> A court may, for good cause, exempt persons or classes of persons from the electronic public access fees, in order to avoid unreasonable burdens and to promote public access to such information. This language is intended to provide a mechanism by which a court may, upon appropriate demonstration of need, grant an exemption from fees for the use of electronic access to court data.
>
> The appropriate procedure by which a court may consider the grant of an exemption from the fee is upon motion by the party seeking exemption from the fee. The motion should demonstrate the basis

> upon which the party claims such exemption. The standards established by Congress are: to avoid unreasonable burdens and to promote public access to such information. A party must demonstrate that both standards have been met in order for a court to grant an exemption from payment of this fee. Procedurally, upon granting a motion for exemption from fees a copy of such order should be provided to the PACER Service Center in San Antonio so that the party will not be billed for use of the electronic access service.

PACER web page.

In this case, the defense is asking for a waiver of the PACER user fees to allow the collection of the data about the use of 21 U.S.C. §851, to determine when an information pursuant to 21 U.S.C. §851 has been filed.[1]

The defense notes that there is a second possible use of PACER. For those cases in which documents have been electronically filed, PACER will permit the defense to examine the plea agreements to determine if part of the plea agreement was that an information pursuant to 21 U.S.C. §851 would not be filed. The defense recognizes that for those cases in which documents have not been filed electronically, access to plea agreements will require reviewing the actual files, which in almost all cases are in storage. If, as the collection of data progresses, the need to examine those files arises, the defense anticipates filing the appropriate requests with this Court.

For those cases in which documents have been filed electronically, PACER may also provide some insight, such as through sentencing memoranda and responses to the Presentence Report into a defendant's criminal history, which is important in determining whether or not a person is eligible for an enhancement pursuant to 21 U.S.C. §851.

[1] The defense has conducted some initial data collection through PACER to better understand what will be involved. In those initial efforts, the defense has simply used counsel's regular PACER account number.

PACER will also facilitate filling any gaps in the books of the records of judgments kept by the clerk's office.

In making this request for the waiver of PACER user fees, if there is an alternative and simpler means of determining in which cases an information has been filed pursuant to 21 U.S.C. §851, the defense is obviously willing to use such a means. For example, if the Court data base can identify all cases in which an information has been filed pursuant to 21 U.S.C. §851, that would resolve a part of the data collection effort and reduce, but not eliminate the need to use PACER.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 6th day of March, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net