UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MOTION FOR FUNDS TO HIRE AN EXPERT

The defense moves for leave to hire an expert. In support of said motion, the defendant submits the attached memorandum of law. The defendant has court appointed counsel, but has elected not to file this motion for funding ex parte.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not belief that 18 U.S.C. Section 3161 (h)(1)(f) is implicated by this motion.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this lst day of April, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR FUNDS TO HIRE AN EXPERT

## I. INTRODUCTION AND STATEMENT OF FACTS

The defendant files this memorandum in support of his motion for funds to hire an expert. 18 U.S.C. § 3006A(e)(1) provides the authority for such a request. In the event the request exceeds $1,600, such a request must be approved by the Chief Judge of the Circuit. The defendant files this memorandum in support of his request in excess of $1,600.00. The defense is also filing a CJA form 21.

The present request of the defendant is slightly reduced from the previous request for $3,000.00. The present request is for $2812.50. The expert whom the defendant is seeking to hire agreed to reduce his already reduced rate somewhat further. The expert essentially has adopted a rate that is 50 per cent of the rate he charges commercial entities requesting consulting services. He informed counsel his usual rate for such consultations is $3000 per day or $1500 per half day. Based on an eight hour day, that rate is $375.00 per hour. He has agreed to do the consulting in this case for half that rate, $187.50 per hour. The figure of $2812.50 is based on a request for 15 hours of consultation.

The defense believes these fees are reasonable. The curriculum vitae of the expert is appended to his memorandum as Attachment 1. Counsel for the defendant has also spoken with two plaintiff's attorneys who have said that fees in the range of $250 to $300 for experts, with a Ph.D are standard. The expert's Sc.D. degree is the equivalent of a Ph.D. Counsel for the defendant also believes based on his own experience that this figure of $250 to $300 per hour is reasonable.

The fifteen hour figure is based on conversations with the expert. The expectation is that approximately 5 hours would be expended on consultation with counsel for the defendant and the balance spent on analyzing the data and preparing a report.

Since the defense filed the initial CJA form 21, the defense has worked on collecting an initial sample of the data that will be analyzed. The defense has reviewed the judgments of convictions for the years 2004, 2005, and 2006. With respect to the year, 2006, the defense has attempted to create a data base that would be the basis for the analysis by the expert. This prototype data base now needs to be presented to the expert for his consideration, before the rest of the data is collected. This is indicative of the kind of consultation that defense counsel anticipates will be required between counsel and the expert.

The defense has submitted as Attachment 2, a description of the method employed by the defense to collect the data for the year 2006 and the summary of the raw data thus far collected. The defense believes that this preliminary collection of data illuminates both the need for consultation with the expert and the kind of analysis the expert is being asked to undertake.

The defense would note that it has previously filed a motion for funds to hire an investigator and statistical consultant. That motion, and the supporting memorandum, spell out the legal bases upon which the defense is relying in making the argument for funding for an expert and those arguments are incorporated herein by reference.[1]

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

## CERTIFICATION

I hereby certify that on this lst day of April, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

[1] The motion and memorandum are Document 42 on the Docket Sheet. Clearly, the defense is now suggesting a different expert. Also, the defense is not requesting the assistance of an investigator. The defense is guardedly hopeful that counsel for the defendant and volunteer student assistants will be able to collect the data.