UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

MOTION FOR ACCESS TO PRESENTENCE REPORTS

The defendant in this case moves for limited access to the presentence reports of other defendants. In support of said motion the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not belief that 18 U.S.C. Section 3161 (h)(1)(f) is implicated by this motion.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 25th day of June, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-133-02ML |
| | ) | |
| WILLIE WALKER | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ACCESS TO PRESENTENCE REPORTS

## I. INTRODUCTION AND STATEMENT OF FACTS

The defendant files this memorandum in support of his motion for limited access to the presentence reports of persons other than himself. The defense has thus far reviewed a number of public records of defendants for the years 2002 through 2006. In particular, the defense has reviewed the docket sheets for those years. The defense has also reviewed some of the underlying documents for some cases, when the documents have been electronically filed. In addition, the defense has sought to identify the race of defendants by going to the public Bureau of Prisons web site. Finally, the defense has sought to ascertain the criminal history of defendants in Rhode Island by reviewing documents accessible on line through the Rhode Island Judiciary home page, Adult Criminal Information Database.

From the information thus far obtained, the defense has been able to generate certain data, previously submitted to the Court. The most complete collection of the data collected by the defense was presented in two attachments to a letter dated June 5, 2008.

Those attachments are also attached to this motion.[1] All of this data has been assembled, while appreciating that the data had certain limits, set forth in the previous filings with the Court. The data was collected with the intent to provide it to an expert for the purpose of determining if the defense could meet the threshold set forth in United States v. Armstrong, 517 U.S. 456 (1996) to make a request for discovery.

The defense now seeks limited access to presentence reports of defendants during the years 2002 through 2006. The defense anticipates that if this access is granted, it will be able to provide a more complete set of data to the defense expert for an initial consultation.

The defense notes that it has previously filed requests for an expert. The most recent request was filed on April 1, 2008. In that request the defense sought to employ an expert at the rate of $187.50 per hour for 15 hours for a total of $2812.50. The defense expert has now agreed to provide an initial consultation at the rate of $100 per hour for the first 16 hours, thereby keeping the initial fee within the $1600.00 cap. One of the purposes of this motion is make the most efficacious use of these funds, if they are approved. Asking the expert to analyze information after a review of the information in the presentence reports would hopefully be more cost efficient than having him perform a preliminary analysis of the data already collected.[2]

The defense specifically seeks the following access:

1. Access to the presentence reports in those cases identified as drug defendant cases;

[1] The first line of Attachment Two erroneously referred only to the year 2006, and that has been corrected, but otherwise the attachments are the same as previously provided with the June 5, 2008, letter.
[2] The defense now asks that the motion the defense previously filed for leave to hire an expert be granted, subject to the amendment that the sum of $1600 be allowed at the rate of $100 per hour.

2. Access to the following portions of the reports:

i) So much of the pages preceding Part A, The Offense, as identify the race of the defendant;

ii) Part A, which provides information as to the offense;

iii) Part B, which provides information as to the defendant's criminal history;

iv) Part D, which provides information as to the sentencing options.

In making this request, the defense anticipates the access sought would permit the defense to cull the following data:

a) Race of the defendant, including whether or not the defendant is Hispanic;

b) Some measure of the severity of the offense;

c) Identification of whether the defendant was eligible for an enhancement pursuant to 21 U.S.C. §851;

d) Some measure of the defendant's criminal history.

The defense is not presently seeking access to Part C of the of the Presentence Reports, which contain "Offender Characteristics." The defense would note that the information the defense seeks is largely public information. The defense recognizes that not all items are fully public. For example, the juvenile record of a defendant is not public but is part of a defendant's criminal history, but the core of what the defense seeks is the information about which a defendant would not have an expectation of privacy.

The defendant is seeking information about the following three factors:

1) Race of the defendant;

2) Severity of the offense;

3) Criminal history of the offense.

Nothing in this request would involve disclosure to the defense of personal and family data or medical and mental health information about other defendants. Nor would the request necessitate disclosure of communications from a defendant to a probation officer, except to the extent that an acceptance of responsibility statement and a statement of identification of race fit within such a category.

The defense would also note that it seeks this information for the purpose of creating a database, not to reveal personal details of particular cases.

## II. THE LAW

Generally, presentence reports have been considered confidential. The Second Circuit has said:

> Presentence reports are prepared by probation officers pursuant to Fed. R. Crim. P. 32 as an aid to the court in sentencing the defendant and contain a defendant's personal information, criminal history, the circumstances of his or her offense, and recommendations as to sentence. See Fed. R. Crim. P. 32(b); [**9] see also United States v. Charmer Indus., Inc., 711 F.2d 1164, 1170 (2d Cir. 1983) ("In preparing such a report, the Probation Service acts as an arm of the court . . ."). Such reports have traditionally been treated as confidential pursuant to Rule 32. While Rule 32 is "silent as to whether and under what circumstances such reports may be disclosed to 'third persons,'" there has been "a longstanding judicial view that confidentiality should be maintained," because "the public availability of presentence reports would likely inhibit the flow of information to the sentencing judge." Charmer Indus., 711 F.2d at 1172-73.
>
> In Moore, we recognized this "HN8concern for confidentiality that permeates [Rule 32] and its history" and held that given "the nature of the presentence report as a court document designed and treated principally as an aid to the court in sentencing, . . . the report may

> not properly be disclosed without authorization by the court."
> Moore, 949 F.2d at 71 (internal quotation marks and citation omitted).

United States v. Pena, 227 F.3d 23, 26 (2d Cir. 2000).

The cloak of confidentiality around presentence reports is not absolute, however. Courts have balanced the need for confidentiality against the need for the requested report. See United States v. Huckaby, 43 F.3d 135 (5th Cir. 1995), in which the Court allowed the publication of a person's presentence report, except for Part C and objections and responses to Part C. The purpose of permitting disclosure was to explain the basis of a high profile prosecution and remove doubt that the prosecution was racially motivated. As the Court noted in Huckaby, sentencing proceedings are not confidential. Id. at 138. By inference, the entirety of the contents of a presentence report are not confidential. As the Court also noted in Huckaby, though the standard for disclosure of presentence reports to third parties is not uniform, many Courts have adopted a standard akin to a request for the disclosure of grand jury materials. Id. at 138. See also United States v. Corbitt, 879 F.2d 224 (7th Cir. 1989), subsequent history omitted, cited in Huckaby. As the Court in Corbitt, noted, at least one Court has favored a more relaxed standard for the disclosure of presentence reports, suggesting that the information received by the sentencing court would not be reduced by the broader disclosure of presentence reports. United States v. Corbitt, 879 F.2d at 233, citing United States v. Schlette, 842 F.2d 1574 (9th Cir. 1988), amended by 854 F.2d 359 (1988).

In United States v. Schlette, the Court said:

> Although many of the oft-asserted justifications for confidential treatment of presentence reports are not valid, we do not mean to suggest that presentence reports should be released to third parties routinely. HN6A presentence report is prepared primarily for court

> use, although an ancillary function is to aid agency decisionmaking. Julian v. United States Dep't of Justice, 806 F.2d 1411, 1415 (9th Cir. 1986), [**22] cert. granted, 482 U.S. 926, 107 S. Ct. 3209, 96 L. Ed. 2d 695 (1987). Consequently, a third party who asks a court to disclose the report must make some threshold showing that disclosure will serve the ends of justice. See Berry v. Department of Justice, 733 F.2d 1343, 1352 (9th Cir. 1984). As we have observed in a somewhat analogous circumstance,
>
>> we cannot treat this test [that is, demonstration of a need for disclosure that serves the end of justice] in vacuo. We must take recognition first of the fact that whether such a "need" exists is a matter designedly left initially to the discretion of the trial judge. In the absence of an absolute prohibition against disclosure, an exercise of judicial discretion is manifestly required.
>
> U.S. Indus., Inc. v. United States Dist. Court, 345 F.2d 18, 21 (9th Cir.), cert. denied, 382 U.S. 814, 86 S. Ct. 32, 15 L. Ed. 2d 62 (1965). n3 But HN7whether disclosure is warranted in a given case requires the court to balance the need for disclosure against the reasons for confidentiality. Id. "In other words, if the reasons for maintaining [confidentiality] [**23] do not apply at all in a given case, or apply only to an insignificant degree, the party seeking disclosure should not be required to demonstrate a large compelling need." Id. (emphasis added).

United States v. Schlette, 842 F.2d at 1581.

In this case, the defense submits that the most appropriate balancing test is the one employed in United States v. Schlette. The defense seeks the information for the purpose of creating a database to provide to an expert. The defense essentially seeks access to information that for the most part is in the public domain, albeit hard to collect. The race, the nature of the offense, and the criminal history of a defendant, are all largely matters of public record, with the exception of a defendant's juvenile record. In the second place, the goal of the collection of this information is not to present the information about a particular defendant but to present summary information. Finally, the disclosure of the information would meet the standard set forth in United States v.

Schlette. It would be in the interest of justice in that it would facilitate the collection of the data necessary for the defense to make a decision about whether or not there is a sufficient basis for an allegation of selective prosecution or a discovery request related to the making of such an allegation.

CONCLUSION

For all of the reasons set forth above, the defense asks that it be permitted the requested access to presentence reports. The defense would simply add that if the Court grants the requested access, the logistics of accomplishing such access might be facilitated through a conference with probation.

WILLIE WALKER
By his Attorney,

/s/Robert B. Mann____________

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 25th day of June, 2008, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann

Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net